M. E. PEACE LUMBER COMPANY, *et al. v.* WYRICK.

5-242                                                 262 S. W. 2d 894

Opinion delivered December 21, 1953.

*Gannaway & Gannaway,* for appellant.

*Melvin T. Chambers,* for appellee.

MINOR W. MILLWEE, Justice. On August 29, 1951, Steve Wyrick, an employee of appellant, M. E. Peace Lumber Company, was engaged in his regular occupation of running a rip-saw at appellant's mill in Magnolia, Arkansas. It was an extremely hot day with the temperature reaching 104 degrees. Wyrick worked in a building which had a tin roof and tin walls, and there was a dry kiln about fifty feet from the point where he was working and an open refuse fire about 150 feet away. Some time before noon, Wyrick was relieved by another employee, and about 10:30 or 11:00 a. m. that day, he was found at the rear of the mill lying on the ground and apparently unable to walk. He complained of being sick and hot. He was taken to the Magnolia City Hospital, where he seemed to be improving up until his sudden death shortly after midnight. There was medical evidence to the effect that decedent suffered a heat prostration on the day in question and that he was then suffering from several diseases, including heart trouble, which made him less able to withstand extremely hot weather. Appellee is the widow of the deceased Wyrick.

On November 28, 1952, the full Workmen's Compensation Commission, reviewing Commissioner Holmes' opinion of August 4, 1952, granted appellee's claim for an award of compensation against appellants for the injury and resultant death of her husband. The Commission found as a fact that Wyrick suffered an accidental injury, heat prostration, which arose out of and during the course of his employment, and that the heat prostration precipitated his heart failure which resulted in his death on August 30, 1951.

Appellants argue (1) that no injury could have arisen out of the employment, nor could it have been caused by it, since deceased was on the morning of his illness doing precisely the same work he had always done and there were no unusual events or occurrences; and (2) that if deceased did suffer heat prostration, there is no substantial testimony that it was the cause of his death. In awarding compensation, the Commission made the following findings on these issues: "It is well established that a workman who suffers a heat prostration, as the result of the working conditions under which he labors, has suffered an accidental injury that arises out of and during the course of his employment, and the fact that other workmen may not be affected, or that he may have been rendered more readily susceptible to the injury than they were by reason of his physical condition, cannot alter the matter. The question as to whether heat prostration is to be deemed an accidental injury within the meaning of the workmen's compensation acts has been frequently before the courts and the rule, supported by the weight of authority, is that heat prostration which results from the employee engaging in his employment, if it results from conditions under which the work is carried on, is compensable.

"As to the second question as to whether or not the accidental injury caused or contributed to the death of the decedent on August 30, 1951, we are of the opinion the evidence herein reasonably establishes that it did. The evidence is undisputed that prior to the decedent's heat prostration on August 29, 1951, he was able to and did do his work in a satisfactory manner. Following the decedent's heat prostration he was confined to the hospital and died 12 or 14 hours after his stroke. The death certificate gives the cause of the decedent's death as acute heart failure and the antecedent cause as heat prostration. It appears that no one can say with mathematical certainty the cause of the decedent's death, but the medical opinion is that it was heart failure. Dr. Carrington admits that the heat prostration could have aggravated the decedent's condition which resulted in heart

failure. Dr. Hill states that the heat exhaustion apparently precipitated the termal congestive failure. Dr. Wilson admits the causal relationship cannot be disproved. Absolute certainty is not required under the rules of evidence and reasonable doubts growing out of the evidence should be resolved in favor of the claimants.

"After carefully considering all the evidence herein, we are of the opinion the within claimants have reasonably established that the decedent's death shortly after midnight on the morning of August 30, 1951, was caused or brought about or precipitated by heat prostration on August 29, 1951."

The Commission's findings are in complete accord with the decision of this court in *Harding Glass Company* v. *Albertson*, 208 Ark. 866, 187 S. W. 2d 961. In that case the workman died of a heart ailment aggravated by a heat prostration which he suffered 8 months earlier while engaged in the usual duties of his employment. In affirming an award of compensation to the widow, this court said: "While appellants cite authorities holding to the contrary, we think the better rule, and the one supported by the great weight of authority, is that a heat prostration which resulted as here, and was sustained by a workman or employee, while engaged in the employment, and which grew out of the employment, whether due to unusual or extraordinary conditions or not, is deemed an accidental injury and compensable, and we so hold." In so holding, we approved the following rule announced in *Baltimore and Ohio Railway Company* v. *Clark*, 4 Cir., 59 Fed. 2d 595: "A workman who sustains heat prostration as the result of the conditions under which he labors, has sustained an injury 'arising out of and in the course of his employment'; and the fact that other workmen may not have been affected or that he may have been rendered more readily susceptible to injury than they were by reason of his physical condition cannot affect the matter."

In the Albertson case, *supra*, we also reaffirmed the following statement approved in *McGregor and Pickett*

v. *Arrington,* 206 Ark. 921, 175 S. W. 2d 210: "As stated in some of the cases, it is no less an accident when a man suddenly breaks down than when there is a like mishap to the machine he is operating. Nor is it a defense that the workman had some predisposing physical weakness but for which he would not have broken down. If the employment was the cause of the collapse, in the sense that but for the work he was doing it would not have occurred when it did, the injury arises out of the employment."

Appellants rely on several cases in which this court has approved the Commission's disallowance of compensation where claimant's intestate died of heart failure, but the factor of heat prostration does not appear in the cases cited. The principles adopted by this court in the Albertson case, *supra,* are in our opinion wholly consonant with the spirit and purpose of the Compensation law. Their application here calls for an affirmance of the judgment of the circuit court sustaining the findings of the Compensation Commission.